Davis *v.* White.     ·

CHARLES A. DAVIS, appellant,

*v.*

SAMUEL J. WHITE, respondent.

A bill by a judgment creditor stated that the defendant in the judgment had transferred the greater part of his property to various persons in fraud of creditors, and had also, for the same purpose, made a statutory assignment for the benefit of creditors. The special prayer for relief was, that all these transfers, as well as the assignment, should be set aside.—*Held,* that such assignment should be retained, if such course was more beneficial to creditors. Such a bill is not demurrable.

On appeal from a decree of the chancellor, whose opinion is reported in *White* v. *Davis, 3 Dick. Ch. Rep. 22.*

*Messrs. Grey & Grey,* for the appellant.

*Mr. Joseph J. Summerill* and *Mr. Robert S. Clymer,* for the respondent.

The opinion of the court was delivered by

BEASLEY, C. J.

The decision of this case is to be affected by the application of equitable principles that are in no respect obscure or doubtful.

This is a creditor's bill, founded on a judgment entered in the circuit court of the county of Gloucester. The sheriff had returned the execution, which was against both lands and goods, entirely unexecuted, stating that he could find nothing on which to levy. Before the rendition of this judgment the defendant in it had transferred and conveyed to various persons, who are made defendants, all his personal and real estate, and after doing this, he had made an assignment to the appellant for the benefit of his creditors, pursuant to the statute.

The bill charges that all these various transfers of the property of which the defendant in the judgment had been seized or

possessed, antecedently to the assignment just alluded to, were in fraud of his creditors, and sets forth the grounds for such allegation ; it then proceeds to show and aver that the subsequent assignment to the appellant was also a covenous contrivance in furtherance of the attempt to place this property out of the reach of the complainant and the other creditors.

To this bill the appellant has demurred.

By this step the appellant admits that it is true that the transfers of property made antecedently to his own appointment as assignee for creditors are fraudulent, as to such creditors, and that consequently it would be incumbent on him to have them set aside. This undoubtedly would be his plain duty, in the performance of which he could not be superseded except when peculiar circumstances existed. The usual course is, if a duty of this kind be neglected, for a creditor, interested in the matter, to give notice to the assignee that he requires its performance; and if such application be disregarded, the creditor may then supplant, measurably, the assignee, and proceed, as the actor, in the suit, to enforce the equities of himself and the other creditors. This is so clearly the course of practice that it would be superfluous to refer to authorities in its vindication.

But it is not always necessary that the creditor, in order to become *dominus litis,* should thus urge the assignee to the fulfillment of the duty in question. The creditor is absolved from such a step whenever it is plain that it would be either useless or disadvantageous, and such, by the appellant's own admission, was the situation of things in the present instance, for he confesses, by force of his demurrer, that when the bill was filed he was implicated in the conspiracy to defraud the complainant and the other creditors. The point will not bear discussion, and the conclusion of the chancellor, that the standing of the complainant in court was altogether unimpeachable, was correct.

We also agree to the view indicated in the opinion in the court below, that the assignment to the appellant for the benefit of creditors should not, in all probability, be set aside, but that, on final hearing, it should be retained and enforced. It is true that the complainant in his bill asks that it may be set aside, but there is

Davis v. White.

a general prayer for relief, and under it the court, according to the usual rule, will so adjust its remedial measures as to best effectuate the object of the proceedings. The purpose of this bill is to subject all the property of the debtor to the equitable claims of his creditors, and the force of the assignment is to assist, in the best possible form, the attainment of that result, for it embraces everything possessed or owned by the debtor, whether situated in this state or out of it, while the judgment of the complainant constitutes a legal lien on the land in Gloucester county only, for it does not touch the land in Burlington county nor any part of the chattels. There can be little doubt, therefore, that the assignment will be retained and utilized, and this, we think, is the purpose of the chancellor, the only doubt in this respect arising from the circumstance that the demurrer of Elijah Crowley, one of the defendants in the court below, was sustained. With respect to this party, the facts were these : He was one of the persons to whom the defendant in the judgment had fraudulently transferred certain valuable articles of personal property that were situated in the State of Pennsylvania, and who had, by interposing a demurrer, admitted that they belonged of right to the defendant in execution, and that demurrer was sustained in the court of chancery on the ground that the judgment of the complainant neither was, nor could be, a lien upon them, and that, with regard to the assignment, the bill had repudiated its validity. This result is obviously in conflict with the view, and which we deem the correct one, that notwithstanding the complainant's endeavor to invalidate the assignment, that instrument should be preserved and utilized by the court in its final distribution of equities. In that event, the title to those chattels in Pennsylvania, their alleged owner being in court, was as much subject to the jurisdiction of the chancellor as was the title to any other of the property that had been passed out of his hands by the defendant in execution. The right to these entire territorial chattels could have been in this way conclusively established in this suit, as between the creditors, through the assignment and this man Crowley, he being a party and served with process. The creditors, however, do not seem to have appealed from that

branch of the decree in favor of Crowley or his demurrer, and this aspect of the case is referred to in order that it may not be supposed that in this respect the proceeding in the court below is concurred in by this court.

Let the decree appealed from be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, MAGIE, REED, SCUDDER, VAN SYCKEL, WERTS, BOGERT, BROWN, CLEMENT, SMITH, WHITAKER—14.

*For reversal*—None.